Jerome and Irene BERHORST,
Respondents,

v.

J.L. MASON of MISSOURI, INC., and
the J.L. Mason Group, Inc.,
Appellants.

Nos. 53698, 53702.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 27, 1988.

Joe Bill Carter, Kirkwood, for respondents.

John Lawrence Davidson, St. Louis, for appellants.

SIMON, Presiding Judge.

Appellants, J.L. Mason of Missouri, Inc. (Mason of Missouri), and The J.L. Mason Group, Inc. (Mason Group), appeal from an order denying their separate motions to stay proceedings and compel arbitration in an action filed by respondents, Jerome and Irene Berhorst alleging fraud and deceit in the sale of a new home and breach of implied warranty of habitability. Mason Group was formerly Mason–Cassilly, Inc. (Mason–Cassilly) and Mason of Missouri is a wholly owned subsidiary of Mason Group.

On appeal, appellants claim that the trial court erred in: (1) denying appellants' request of findings of facts and conclusions of law, specifically: (a) whether the contract between the parties involved commerce under the Federal Arbitration Act; (b) whether the contract had a written provision requiring arbitration; and, (c) that the dispute between the parties has not been arbitrated; (2) failing to order arbitra-

tion of all claims because the limited home warranty agreement contained an arbitration provision which must be enforced either under the Federal Arbitration Act, 9 U.S.C. § 1 et seq., or the Uniform Arbitration Act, § 435.350 et seq. RSMo (1986); (3) finding appellants had waived their right to arbitration; and, finally, (4) not granting Mason of Missouri's motion to dismiss in that respondents' petition failed to state a claim upon which relief can be granted. Order denying stay of proceedings is set aside and cause remanded for arbitration in accordance with the agreement.

■ Initially, we shall consider appellants' motion to strike certain portions of Berhorsts' brief on the grounds that the issues raised in those portions were not presented to the trial court for its consideration and are not preserved for review. The portions in question are directed to appellants' name changes and the timeliness of filing their motions to compel arbitration due to the name changes. We have searched the record and find nothing to indicate that these matters were presented to the trial court for its consideration. Therefore, we sustain appellants' motion and strike those portions of Berhorsts' brief pertaining to those issues. *Bunting v. McDonnell Aircraft Corporation*, 522 S.W.2d 161, 168[11] (Mo. banc 1975).

On September 14, 1979, Berhorsts closed with Mason Group, formerly Mason–Cassilly, for the purchase of a new home in St. Charles, Missouri. The sales contract provides for the waiver of all implied warranties and, in lieu thereof, through enrollment in the home warranty program, the home was warranted under a two part ten year limited home warranty agreement against major construction defects. The limited home warranty agreement provides for the assignment of insurance coverage to the Berhorsts. The insurance coverage from the builder, Mason Group, is extended to Berhorsts through a certificate of participation or policy. Once the policy is received, the insurance covered any defects back to the commencement date of September 14, 1979. The warranty agreement and the insurance policy provides for arbitra-

tion of claims of defect. The premium for the program was paid by Mason Group.

The warranty provides that claims of defect arising within the initial two year period from the date of purchase must be filed with the builder. Any resolution of the claims arising in this initial period was to be performed by the builder. If Berhorsts were not satisfied with the builder's response, Berhorsts could file their claim with the Local HOW Council (a local organization licensed and authorized to administer the home warranty program of Home Owners Warranty Corporation (HOW)) accompanied by a $75.00 deposit as designated in the agreement. The Local HOW Council would then attempt to effect a conciliation and if a conciliation could not be reached, Local HOW Council would arrange for arbitration. If the arbitrator finds warranted defects, Mason Group is required to repair, replace, or repay Berhorsts the cost of repairing or replacing the defects within sixty days following such finding. In the event of nonperformance by Mason Group, Local HOW Council will arrange through the National Council (HOW) for the insurer, Insurance Company of North America (INA), to pay the costs of the repairs.

A similar procedure is followed for claims arising after the initial two year period, years three through ten. However, claims of defects are to be initially submitted to Local HOW Council accompanied by a $75.00 deposit. If Local HOW Council finds, by conciliation procedures, all or a portion of the claim to be invalid, and Berhorsts are not satisfied with such findings, the Local HOW Council shall arrange for arbitration. If for any reason Local HOW Council shall not proceed to obtain for the Berhorsts payment sufficient to comply with the decision of the arbitrator, Berhorsts are to notify the National Council and if the National Council does not obtain payment within thirty days of such notice, the decision of the arbitrator may be submitted to a court of appropriate jurisdiction for enforcement.

In the summer of 1983, the Berhorsts made a claim to Mason Group concerning

the alignment of the french doors in their home. The doors were repaired to the Berhorsts' satisfaction. Later, in 1983, the Berhorsts made a second claim about the alignment of the french doors. They were informed by a superintendent that because the initial warranty period had expired, they would "have to turn it over to HOW." Berhorsts received a claim form from HOW and submitted it. The claim was turned over to INA.

On November 26, 1983, INA sent Dennis A. Bolazino, an inspector, to the Berhorst home. In the company of Mr. Berhorst, Bolazino made an extensive inspection of the Berhorst home. He placed monitors on the exterior foundation wall to determine the extent of current movement or shifting. On December 8, 1983, Bolazino sent a six page report with his conclusions and recommendations to Larry Cagle of INA. Bolazino's final recommendation, based upon his inspection, was that the Berhorsts "inspect the monitors periodically, and if no changes are observed, I [Bolazino] would recommend a revisit to the site in approximately three months." The Berhorsts received no further communications. No revisit or follow up was requested by either the Berhorsts or INA. The record does not indicate that appellants, Mason Group or Mason of Missouri, were informed of INA's involvement or the inspection.

On October 22, 1984, the Berhorsts filed suit against Mason of Missouri. On August 5, 1985, Mason of Missouri filed its answer denying it had entered into a contract for the sale of the home to the Berhorsts. On September 29, 1986, Mason of Missouri filed a motion for summary judgment which was denied and Berhorsts were granted leave to file a second amended petition. In their second amended petition on October 7, 1986, Mason Group was added as a defendant.

On November 12, 1986, Mason of Missouri filed a motion to dismiss for failure to state a claim. The trial court did not rule on this matter. Appellants' request for findings of facts and conclusions of law was denied.

On January 20, 1987, Mason Group filed a motion to stay proceedings and compel arbitration. Mason of Missouri joined in the motion to stay proceedings and compel arbitration on July 14, 1987. The order denying the motion provided:

Defendants' request for findings of fact and conclusions of law are denied, inasmuch, as the matter presented to the court was not the final submission of the case as is contemplated under the provisions of Rule of Civil Procedure 73.-01(a)(2).

However, the Court does find that the failure to hold as invalid or even to act upon the claim of plaintiffs, filed in the latter part of 1983, other than the inspection conducted on November 26, 1983, constituted a repudiation [sic] or waiver any right to arbitrate, whether under the provisions of Section IV of Terms and Conditions of Certificate of Participation No. B-362773 in Home Warranty Insurance Policy No. 1978 HW, or otherwise. See *Village of Cairo v. Bodine Contracting Co.*, 685 S.W.2d 253.

Defendants' motion to stay proceedings and to compel arbitration is overruled and denied.

In appellants' first point on appeal, they contend the trial court erred in denying their motion requesting findings of facts and conclusions of law, specifically: (1) whether the contract between the parties involved commerce under the Federal Arbitration Act; (2) whether the contract had a written arbitration provision requiring arbitration; and (3) that the dispute between the parties has not been arbitrated.

However, in their brief and in oral argument, the parties have agreed that: (1) the contract contains an arbitration provision; (2) commerce was involved; and (3) the Federal Arbitration Act does apply. Thus, both parties now agree that the Federal Arbitration Act applies, as does the federal substantive law. Further, we note that the record indicates that arbitration of this dispute did not occur. Thus, it is not necessary to further review this point.

In appellants' second and third points on appeal, they contend that the trial court

erred in failing to order arbitration because the warranty agreement contained an arbitration provision which must be enforced under the Federal Arbitration Act, and in finding that appellants waived their right to arbitration.

The United States Supreme Court in *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 225–26, 107 S.Ct. 2332, 2337, 96 L.Ed.2d 185, 193[3] (1987), stated "the [Federal Arbitration] Act [9 U.S.C. § 1 et seq.] was intended to reverse centuries of hostility to arbitration agreements by placing arbitration agreements upon the same footing as other contracts ..." *Id.* 107 S.Ct. at 2337, citing 9 U.S.C. § 2. The Arbitration Act establishes a "federal policy favoring arbitration." *Id.* at 2337[1], citing *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24[9], 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

This policy was reinforced in *Perry v. Thomas*, 482 U.S. 483, 489, 107 S.Ct. 2520, 2525[1, 2], 96 L.Ed.2d 426, 435[3, 4] (1987), which stated, "the effect of the section [9 U.S.C. § 1 et. seq.] is to create a body of federal substantive law of arbitrability, applicable to any agreement within the coverage of the Act ... this body of substantive law is enforceable both in state and federal court." *Id.* 107 S.Ct. at 2525[1,2].

Our brethren in the Western District recognized this strong federal policy favoring arbitration in *Village of Cairo v. Bodine Contracting Co.*, 685 S.W.2d 253 (Mo.App. 1985), stating "the Federal [Arbitration] and Uniform [Arbitration] Acts express a public policy of concern for an unhampered judicial system so supervenient that—once the existence of an agreement to arbitrate is proven—the clause is construed in favor of the arbitrability of a dispute ..." *Id.* at 259[8].

■ The right to arbitrate under the Federal Arbitration Act can be waived. *Miller v. Drexel Burnham Lambert, Inc.*, 791 F.2d 850, 853[3, 4] (11th Cir.1986). The question of what constitutes a waiver of the right to arbitrate depends on the facts of each case. *Tenneco Resins, Inc. v.*

*Davy Intern., AG*, 770 F.2d 416, 420[4] (5th Cir.1985). However, waiver of arbitration is not a favored finding, and there is a presumption against it. *Miller Brewing Co. v. Fort Worth Distributing Co.*, 781 F.2d 494, 496[1] (5th Cir.1986).

■ A party seeking to establish waiver of a right to arbitrate must demonstrate that the alleged waiving party: (1) had knowledge of the existing right to arbitrate; (2) acted inconsistent with that existing right; and (3) prejudiced the party opposing arbitration by such inconsistent acts. *Fisher v. A.G. Becker Paribas, Inc.*, 791 F.2d 691, 694[4] (9th Cir.1986).

Here, the trial court based its conclusion, that Mason of Missouri and Mason Group had waived their right to arbitration, by failing to hold as invalid or even act upon the claim of Berhorsts filed in the latter part of 1983, other than the inspection conducted on November 23, 1983.

In support of its order, the trial court relies on *Village of Cairo v. Bodine Construction Co., supra*. In *Bodine*, the Village of Cairo contracted with the Bodine Construction Company for the installation of a comprehensive sewage and treatment facility. The construction consisted of two separate projects with two separate contracts. The contracts provided for the work to be completed within 360 days after receipt of notice to proceed. When the projects were not completed on time, Village of Cairo terminated Bodine's employment for breach of contract. Bodine immediately discontinued its work on both projects.

Thereafter, Bodine made written demand for arbitration pursuant to arbitration clauses contained in the contracts. Village of Cairo brought suit in the circuit court to enjoin the arbitration because Bodine had failed to comply with the arbitration provision which required work to be carried on and maintained during any arbitration proceedings. Village of Cairo contended that Bodine had waived its right to arbitration because Bodine had failed to comply with the arbitration provision.

The trial court found that Bodine waived its right to arbitration and enjoined Bodine from any demand for arbitration. However, on appeal the injunction was set aside and the cause remanded for arbitration.

Only one who flatly repudiates the provision for arbitration itself ... has no right to the stay of a court action brought by the other party. A repudiation [or waiver] of the arbitration promise results from the disregard of either a procedural or substantive condition that separate clause imposes—such as inaction or delay in the enforcement of the arbitration right, or by a prior election to submit the issue to a court ... A repudiation results when conduct of a party is so inconsistent with the end of the arbitration clause as to indicate that the right has been abandoned ... Inconsistency is found from the conduct which prevents arbitration, or makes that recourse impossible, or which proceeds at all times in disregard of the arbitration clause. (citations omitted).

*Id.* at 260–261[9–11].

Although the legal principles set forth in *Bodine* are clearly applicable to the present case, its factual situation is clearly distinguishable and does not lend support to the trial court's conclusion.

■ Reviewing the record, we find no evidence indicating that Mason of Missouri or Mason Group knew or were chargeable with knowledge that Berhorsts filed a claim with HOW or of INA's involvement. The evidence, including Mr. Berhorst's testimony, indicates that Berhorsts, after their initial inquiry with the superintendent, followed the warranty procedure for filing their claim with Local HOW Council and/or HOW. Further, there is no evidence showing that Mason of Missouri or Mason Group authorized or had knowledge of the inspection of Berhorsts' home on November 23, 1983. The December 8, 1983, inspection report was addressed to Larry Cagle of INA. There is no indication that a copy of this letter was sent to Mason of Missouri or Mason Group. The record fails to support the trial court's conclusion that the appellants repudiated or waived their right to arbitration.

Reviewing to determine whether the trial court's conclusion can be supported on any other reasonable theory, we note that Berhorsts' original petition was filed against Mason of Missouri only. In their second amended petition, Berhorsts allege that Mason of Missouri is a wholly owned subsidiary of Mason Group, which is not disputed. The limited home warranty agreement containing the arbitration provision was entered into on September 14, 1979. However, Mason of Missouri was not incorporated until April 28, 1980. Thus, Mason of Missouri was not a party to the sales contract or the warranty agreement containing the arbitration provision.

There was a time lapse of almost three years after the Berhorsts filed their first petition against Mason of Missouri and the time Mason of Missouri filed its motion to compel arbitration. During this time Mason of Missouri answered Berhorst's petition, motioned for summary judgment, answered interrogatories, and filed a motion to dismiss. The record does not indicate that this action was inconsistent with the right to arbitrate where Mason of Missouri was not a party to the agreement.

On October 7, 1986, Berhorsts filed their second amended petition adding Mason Group. The parties agree that Mason Group was formerly Mason–Cassilly, with whom the Berhorsts contracted in 1979. Thus, Mason Group has knowledge of the arbitration provision.

Mason Group filed a motion to stay the proceedings and compel arbitration three and a half months after Berhorsts' second amended petition. During this three and a half month period, Mason Group's only action was to request an extension of time to file a responsive pleading. On December 9, 1986, the trial court granted the extension to file a responsive pleading until January 12, 1987. Although filed eight days past the extension date on January 20, 1987, the trial court accepted Mason Group's motion.

■ Actions constituting waiver of the right to arbitrate may include the applicant's engaging in some combination of

filing an answer, setting up a counterclaim, pursuing discovery, and moving for a continuance prior to a stay pending arbitration. *Parcel Tankers, Inc. v. Formosa Plastics Corp.,* 569 F.Supp. 1459, 1467[6–9] (S.D.Texas 1983).

In *Rush v. Oppenheimer & Co.,* 779 F.2d 885 (2nd Cir.1985), the court held that it was "beyond question that defendants' delay in seeking arbitration during approximately eight months of pretrial proceedings is insufficient by itself to constitute a waiver of the right to arbitrate, for in addition, prejudice ... must be demonstrated." *Id.* at 887[1].

In *Lake Communications, Inc. v. ICC Corp.,* 738 F.2d 1473, 1477[34] (9th Cir. 1984), waiver was not found, nor prejudice to the opposing party, despite the fact that movant had earlier alluded to an arbitration provision and gave notice of their intent to rely upon it but did not motion to compel until more than a year after the complaint was filed and had initiated limited discovery prior to the motion to compel. *Id.* at 1477[3, 4].

In any event, the court must be convinced not only that the party acted inconsistently with right to arbitrate but that the other party was prejudiced by action before it can find a waiver of the right to arbitrate. *Shinto Shipping Co., Ltd. v. Fibrex & Shipping Co., Inc.,* 572 F.2d 1328, 1330[1–3] (9th Cir.1978).

Here, the delay was not unreasonable and the only activity was filing of motions for summary judgment, dismissal and an extension of time to respond to Berhorsts' petition. The evidence does not indicate that Berhorsts were prejudiced by the delay. Therefore, appellants' points two and three are meritorious.

In their final point on appeal, Mason of Missouri contends that its motion to dismiss for failure to state a claim was erroneously denied. The record does not reflect an entry of an order by the trial court on the motion. Thus, this point is not reviewable.

The order denying appellants' motion to stay proceedings and to compel arbitration is set aside and the cause is remanded for arbitration in accordance with the agreement.

CRANDALL and GRIMM, JJ., concur.