**Leland BOOGHER, Appellant,**

v.

**STIFEL, NICOLAUS & CO., INC., Respondent.**

No. 59318.

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 18, 1992.

John Lynn, St. Louis, for appellant.

Larry M. Bauer, Paul Lebar, St. Louis, for respondent.

CARL R. GAERTNER, Judge.

Plaintiff, Leland Boogher, appeals from a grant of summary judgment dismissing his age discrimination and service letter lawsuit against his former employer, defendant Stifel, Nicolaus & Co., Inc. The trial court ruled plaintiff's agreement to submit all issues arising from his employment to arbitration precluded his lawsuit. We agree, but reverse the judgment of dismissal and remand with directions to enter a stay of proceedings pending the outcome of arbitration.

Plaintiff worked for defendant as a securities trader until October 27, 1987. As part of his employment with defendant, and as part of being a member of the New York Stock Exchange, plaintiff agreed to arbitrate all issues arising from his employment with defendant. Plaintiff does not dispute this fact or that this employment involved interstate commerce.

In October 1989, plaintiff filed this suit alleging that defendant terminated him because of his age in violation of the Missouri Human Rights Act (MHRA), §§ 213.010–.126 RSMo.1986, and that defendant violated the service letter statute, § 290.140, RSMo.1986. On December 22, 1989, defen-

dant filed an answer and asserted four affirmative defenses to plaintiff's complaint. On July 19, 1990, defendant filed a motion to dismiss, claiming plaintiff's claims were subject to arbitration. The trial court concluded plaintiff had agreed to arbitrate the issues presented and granted summary judgment in favor of defendant.[1]

Plaintiff then brought this appeal. In his first two points, plaintiff argues his claims under the MHRA and service letter statute are not subject to compulsory arbitration. His third point asserts that defendant waived its right to arbitrate by answering the petition and asserting affirmative defenses. Plaintiff's fourth point claims the trial court should have stayed his suit pending arbitration instead of dismissing it.

■■■ Our review of this matter is controlled by the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–14, (1988) which is applicable to both state and federal courts. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765, 785 (1983). The FAA evinces a national policy favoring the arbitration of disputes by compelling courts to enforce agreements to arbitrate, stay court proceedings, and compel arbitration. 9 U.S.C. §§ 2–4. Under the supremacy clause, we are obliged to apply federal law when reviewing an action under the FAA. *Bunge Corp. v. Perryville Feed & Produce, Inc.*, 685 S.W.2d 837, 839 (Mo. banc 1985). In applying the FAA to state law, the Supreme Court stated:

"We discern only two limitations on the enforceability of arbitration provisions governed by the Federal Arbitration Act: they must be part of a written maritime contract or a contract 'evidencing a transaction involving commerce' and such clauses may be revoked upon 'grounds as exist at law or in equity for the revocation of any contract.' We see nothing in the Act indicating the broad principle of enforceability is subject to any additional limitations under state law."

*Southland Corp. v. Keating*, 465 U.S. 1, 10–11, 104 S.Ct. 852, 858, 79 L.Ed.2d 1, 12 (1984).

■■■ Plaintiff's first point on appeal is that his age discrimination claim under the Missouri Human Rights Act (MHRA) should not be arbitrated because the Federal Age Discrimination in Employment Act, (ADEA) 29 U.S.C. §§ 621–634 (1988), does not provide for arbitration. Both the premise and the logic of plaintiff's argument are flawed. Subsequent to the filing of plaintiff's brief, the Supreme Court of the United States, in *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. ——, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), ruled that since the ADEA did not explicitly preclude arbitration, an age discrimination claim was subject to compulsory arbitration under an agreement to arbitrate any controversy arising out of the employment. Moreover, regardless of the procedures adopted by Congress, a state law which attempts to preclude the enforcement of an arbitration agreement in a contract involving interstate commerce would be in conflict with the FAA and, therefore, in violation of the supremacy clause. *Southland Corp.*, 465 U.S. at 10, 104 S.Ct. at 858, 79 L.Ed.2d at 12. Plaintiff's argument is flawed because the Missouri Legislature could not enact a provision of the MHRA which precludes arbitration without violating the supremacy clause. Under the FAA, plaintiff's age discrimination suit brought under the MHRA is subject to compulsory arbitration pursuant to his agreement.

In addition, plaintiff argues we should deny arbitration because of deficiencies in the arbitration process. Plaintiff's arguments have been unpersuasive in a long line of cases culminating most recently in *Gilmer*, 500 U.S. at ——, 111 S.Ct. at 1654–55, 114 L.Ed.2d at 39–41 (generalized attacks on arbitration are far out of step with the Court's strong endorsement of statutes favoring arbitration). Plaintiff's first point is denied.

---

1. The trial court correctly treated defendant's motion to dismiss as a motion for summary judgment because certain exhibits were incorporated in the motion. Rule 55.27(a).

■ Plaintiff's second point is that defendant's failure to issue a service letter should not be subject to arbitration. We disagree. Under the FAA, the arbitrability of a dispute is to be determined by the court. *Apollo Computer, Inc. v. Berg*, 886 F.2d 469, 472 (1st Cir.1989); *People's Security Life Ins. Co. v. Monumental Life Ins. Co.*, 867 F.2d 809, 812 (4th Cir.1989). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Moses H. Cone Memorial Hospital*, 460 U.S. at 24–25, 103 S.Ct. at 941, 74 L.Ed.2d at 785.

■ Missouri's service letter statute places a duty on an employer to issue a letter to a requesting employee, who either quit voluntarily or was discharged. § 290.-140 RSMo. A service letter sets forth the nature and character of service rendered by the employee, the length of service, and the reason the employee was discharged or voluntarily quit. *Id.* The agreement between the plaintiff and defendant provides that "[A]ny controversy ... arising out of the employment or termination of employment ... shall be settled by arbitration...." We conclude the duty to supply a service letter, as well as the information required in such a letter, relates to plaintiff's employment and termination and is within the scope of arbitration agreed upon by the parties. Therefore, defendant's failure to issue a service letter to plaintiff is arbitrable. Of course plaintiff is entitled to all the substantive rights that he is afforded under the statute. *See, Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 628, 105 S.Ct. 3346, 3354, 87 L.Ed.2d 444, 456 (1985). Point denied.

■ Plaintiff's third point is that defendant waived its right to arbitration by filing an answer to the complaint which asserted affirmative defenses. Any doubts about an allegation of waiver, delay, or a like defense to arbitrability should be resolved in favor of arbitration. *Moses H. Cone Memorial Hospital*, 460 U.S. at 24–25, 103 S.Ct. at 941, 74 L.Ed.2d at 785. The party claiming waiver has a heavy burden, and a court will find waiver when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party. *Frye v. Paine, Webber, Jackson, and Curtis, Inc.*, 877 F.2d 396, 398 (5th Cir.1989), *cert. denied*, 494 U.S. 1016, 110 S.Ct. 1318, 108 L.Ed.2d 493 (1990). However, there is a strong presumption against waiver. *McDonnell Douglas Finance Corp. v. Pennsylvania Power & Light Co.*, 858 F.2d 825, 833 (2nd Cir.1988). In *McDonnell Douglas*, the court found that a party did not waive its right to seek arbitration by filing an answer to a suit and litigating for three months. *Id.* We find the reasoning of that case persuasive. Additionally, we note plaintiff has failed to demonstrate any prejudice. Accordingly, we find the defendant did not waive its right to arbitrate by answering plaintiff's petition. Point denied.

■ Plaintiff's final point on appeal is that the trial court erred in granting summary judgment. Instead, plaintiff argues the trial judge should have stayed the suit pending arbitration. We agree. Upon finding an agreement to arbitrate, a court, state or federal, shall stay the pending action. 9 U.S.C. § 3; *Moses H. Cone Memorial Hospital*, 460 U.S. at 26–27, 103 S.Ct. at 942–43, 74 L.Ed.2d at 786–87 (holding state courts must grant a stay). Therefore, the trial court erred by entering a final judgment dismissing the underlying suit.

Accordingly, we set aside the order granting summary judgment and remand to the trial court to enter a stay pending arbitration.

SMITH, P.J., and SATZ, J., concur.