**MR. MUDD, INC., Plaintiff/Respondent,**

v.

**PETRA TECH, INC. et al.,
Defendants/Appellants.**

No. 64782.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 14, 1995.

Stuart R. Berkowitz, Platke & Berkowitz, St. Louis, for appellants.

William H. Leyhe, III, Leyhe, Meyer, Leyhe & Lobel, St. Louis, for respondent.

AHRENS, Presiding Judge.

In this jury-tried breach of contract case, defendants, Petra–Tech, Inc., ("Petra–Tech"), Northside Seventh Day Adventist Church, ("Northside"), and Central States Conference of Seventh Day Adventist, appeal from a judgment entered in favor of plaintiff, Mr. Mudd, Inc. We reverse and remand with instructions to stay the suit pending arbitration.

On November 6, 1990, plaintiff executed a contract with defendant Petra–Tech to perform masonry work on a project on which Petra–Tech was a construction manager. The project was for the construction of a church. Mr. Mudd was terminated after disputes arose over the quality of work being performed. On April 9, 1993, Mr. Mudd sued the defendants for breach of contract. On April 19, 1993, defendants filed a motion to dismiss. In their motion, defendants claimed the alleged contract required plaintiff to submit any controversies or claims to arbitration and as such the court lacked jurisdiction to hear plaintiff's claims. Defendants' motion was denied and defendants subsequently filed an answer and consolidated counter-claim for breach of contract. The

jury found in favor of plaintiff on both plaintiff's claim and defendants' counter-claim. This appeal follows.

Defendants' brief contains three points on appeal. As we find the first point dispositive, we need not address the remaining two. Defendants contend the trial court erred in failing to grant defendants' motion to dismiss because the Federal Arbitration Act ("FAA") compels enforcement of arbitration clauses in contracts that involve interstate commerce.

■ The contract between plaintiff and Petra–Tech contained the following provision:

> Any controversy or claim between the contractor and the subcontractor arising out of or related to this subcontract, or the breach thereof, shall be settled by arbitration ...

The FAA states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration. 9 U.S.C.A. § 3.

The arbitration provision of the contract between plaintiff and defendants made *all*[1] controversies arising out of or related to the contract between the parties subject to mandatory arbitration.

■ Plaintiff suggests the defendants failed to apply for a stay of trial as required by 9 U.S.C.A. § 3. As such, plaintiff contends the trial court did not err in overruling defendants' motion to dismiss. In *Martin Marietta Aluminum, Inc. v. General Electric Co.*, 586 F.2d 143 (9th Cir.1978), the Ninth Circuit affirmed the district court's grant of summary judgment where all claims were barred by an arbitration clause. *Id.* at 147–48. The court held that the FAA does not impose a duty on a party to request arbitration and that a request for a stay is not mandatory. *Id.* at 147. The same court later held, in *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635 (9th Cir.1988), that a court has authority to grant a dismissal where all claims are barred by an arbitration clause. *Id.* at 638.

Here, defendants' motion for dismissal sufficiently raised the arbitration issue before the trial court. While the Ninth Circuit held a dismissal was proper in those cases, we believe the proper course of action here is for the trial court, upon finding an agreement to arbitrate, to stay the suit pending arbitration. 9 U.S.C.A. § 3. *See Boogher v. Stifel, Nicolaus and Co., Inc.*, 825 S.W.2d 27, 30 (Mo.App.1992).

Plaintiff suggests that even if we find that defendants followed proper procedures under the FAA, defendants' argument must still fail for two reasons. First, the required notice of arbitration as set out in § 435.460[2] was not present in the contract. Second, defendants waived their right to arbitration.

■ First, plaintiff argues the required notice "THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES" is absent in the contract. § 435.460. The FAA, which has no similar provision, preempts Missouri law in this case. The FAA, § 2 provides that a

> written provision in any maritime transaction or a contract evidencing a transaction *involving commerce* to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in

---

1. We note a dispute over the *existence* of the arbitration agreement would properly be brought before the courts. § 435.355.1 RSMo 1986; *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–04, 87 S.Ct. 1801, 1806, 18 L.Ed.2d 1270, 1277 (1967).

2. All statutory references are to RSMo 1986 unless otherwise noted.

equity for the revocation of any contract. 9 U.S.C. § 2 (emphasis added).

The United States Supreme Court recently addressed the scope of the FAA in *Allied–Bruce Terminix Cos. v. Dobson,* —— U.S. ——, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995). The Court held the phrase "involving commerce" is functionally equivalent to "affecting commerce" and, therefore, "signals a congressional intent to exercise its Commerce Clause powers to the full." *Id.,* at ——, 115 S.Ct. at 839. The FAA applies, therefore, when a contract containing an arbitration clause affects interstate commerce. The relationship to commerce need not be substantial. *Woermann Const. v. Southwestern Bell,* 846 S.W.2d 790, 792 (Mo.App.1993). Where the parties to a contract are from different states, the U.S. Postal System is used, employees crossed state lines, or materials are transported over state lines, interstate commerce is involved. *Id.* at 792–93. Petra–Tech is incorporated in the State of Georgia and plaintiff is incorporated in Missouri. Plaintiff suggests that Petra–Tech is not a party to the contract. In support of this contention, plaintiff claims the contract was executed by Petra–Tech *for* Northside Seventh Day Adventist Church. Plaintiff cites, and our research reveals, no authority for this contention; however, we need not reach the merits of this particular point. We find the contract in question involved interstate commerce whether Petra–Tech was a party to the contract or not. Petra–Tech was heavily involved in the construction of the church. As a Georgia corporation acting as construction manager,[3] Petra–Tech was sufficiently involved in the construction project, such that the contract is appropriately characterized as involving interstate commerce.

■ Second, plaintiff contends defendants waived their right to arbitrate. The right to arbitrate under the FAA can be waived. *Berhorst v. J.L. Mason of Missouri, Inc.,* 764 S.W.2d 659, 662 (Mo.App.1988). There is, however, a strong presumption against any such waiver. *Id.*

■ A party seeking to establish that a party waived its right to arbitrate must show that the waiving party: (1) had knowledge of the existing right to arbitrate; (2) acted inconsistent with that existing right; and (3) prejudiced the party opposing arbitration by such inconsistent acts. *Id.*

■ Here, defendants clearly knew of their right to arbitrate as evidenced by their motion to dismiss. The motion avers that "plaintiff is required to submit any controversies or claims to arbitration." Plaintiff suggests defendants acted inconsistent with the existing right to arbitration by not appealing the trial court's denial of defendants' motion to dismiss. The denial of a motion to dismiss is not a final judgment and therefore not appealable. *Reben v. Wilson,* 861 S.W.2d 171, 175 (Mo.App.1993). Nor is a denial of a motion to stay proceedings pending arbitration appealable in Missouri. §§ 512.020; 435.440. Further, the failure to appeal interlocutory orders does not waive the failing party's right to have the actions of the trial court reviewed on appeal after final judgment. § 512.020. We conclude that defendants did not act inconsistent with the existing right of arbitration, and therefore did not waive that right.

The judgment of the trial court is reversed and remanded with instructions to stay the suit pending arbitration.

SIMON, and KAROHL, JJ., concur.

---

**3.** Plaintiff suggests Petra–Tech is a construction manager rather than a General Contractor. We do not rule on the question but find it to be irrelevant.