**MISSOURI & NORTHERN ARKAN-SAS RAILROAD COMPANY, INC., Plaintiff–Respondent,**

v.

**BRANSON SCENIC RAILWAY, INC., Defendant–Appellant.**

No. 22799.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 28, 1999.

Christopher E.V. Quinn of Oppenheimer Wolff & Donnelly, L.L.P., of Chicago, Illinois, and David K. Potter and Jennifer K. Eggers, of Oppenheimer Wolff & Donnelly, L.L.P., of Minneapolis, MN, for Appellant..

Paul M. Brown and David A. Dick, of Thompson Coburn, L.L.P., of St. Louis, MO, for Respondent.

JAMES K. PREWITT, Judge.

A moving freight train belonging to· Plaintiff collided with an empty passenger train owned by Defendant sitting on a side track in Branson. Plaintiff filed this action seeking damages, alleging that Defendant's negligence caused the collision. Defendant answered and counter-claimed but also sought, by motion, the trial court to order that the dispute be submitted to arbitration pursuant to an agreement between the parties. The trial court entered an order denying Defendant's request for an order compelling arbitration and Defendant appeals from that order. The denial of a motion to compel arbitration is appealable under both 9 U.S.C. `§ 16, and § 435.440.1(1), RSMo 1994. *Greenwood v. Sherfield,* 895 S.W.2d 169, 172 (Mo.App. 1995).

In July of 1996, Plaintiff and Defendant entered into a "First Amended and Restated Rail Passenger Operating Agreement." This agreement allowed Defendant to use Plaintiff's track and structures, including the depot, to operate a rail passenger service. Under the agreement, Plaintiff's crews would operate Defendant's scenic excursion trains. All track used belonged to Plaintiff. A provision in that contract stated:

> If at any time a question or controversy shall arise between the parties hereto in connection with this Agreement upon which the parties cannot agree, (other than questions or controversies arising under Sections XIII or XIV, or any failure of the parties to agree on the expansion of RAIL PASSENGER SERVICE under paragraph D of Section III, which shall not be subject to arbitration), such question or controversy shall be submitted to and settled by a single competent and disinterested arbitrator . . .

On May 14, 1997, at approximately 8:50 p.m., a freight train owned by Plaintiff was traveling north on the main track line in Branson. At the Branson depot the Branson scenic train owned by Defendant was parked on the "house" track. The main line track is a track on which trains travel from place to place, and a house track is the track fronting the depot. There is a switch that determines whether a train will continue on the main line or be diverted to the house track. At the time of the collision, the switch was lined to the house track when it apparently should have been lined to keep the train on the main line. Plaintiff's train was diverted from the main line to the house track and collided with Defendant's train. The parties agree that significant damage occurred to both trains and two crewmen on Plaintiff's train contend they received personal injuries. Each party to this suit contends that the

other was negligent in causing the collision.

■■■ The issue here is one of law, limited to whether the claims in the negligence suit are subject to arbitration. Both parties agree that because the agreement involves interstate commerce, our review of aribitrability is governed by federal law under the Federal Arbitration Act, 9 U.S.C. §§ 1–16. *Tractor–Trailer Supply Co. v. NCR Corporation*, 873 S.W.2d 627, 629 (Mo.App.1994), *citing Lee v. Chica*, 983 F.2d 883, 886 (8th Cir.1993); *Boogher v. Stifel, Nicolaus & Company, Inc.*, 825 S.W.2d 27, 29 (Mo.App.1992). Whether the parties agreed to arbitrate a particular dispute is govered by the usual rules of contract construction. *Greenwood*, 895 S.W.2d at 174. In making this decision, state law applies. *State ex rel. Paine-Webber, Inc. v. Voorhees*, 891 S.W.2d 126, 128 (Mo.banc 1995).

■■■ The question of whether the claim is "in connection with" the agreement is resolved by applying the general law of contracts of this state. *See Laser Vision Centers, Inc. v. Laser Vision Centers International, SpA*, 930 S.W.2d 29, 33 (Mo.App.1996); and *Greenwood*, 895 S.W.2d at 174. The reasoning in *Greenwood* applies here.

The arbitration clause in *Greenwood* required arbitration of any "controversy or claims arising out of or relating to this Agreement." 895 S.W.2d at 171. The following test was articulated by the court for determining whether the dispute was subject to arbitration (*Id.* at 174):

> The crucial question here is the relationship between [Defendant's] statements and the arbitration agreement between the parties, ... For Plaintiff's tort claim to be characterized "as aris[ing] out of or relate[ed] to [the Merchant Contract]," and thus subject to arbitration as Defendants contend, it must, at the very least, raise some issue the resolution of which requires a reference to or

construction of some portion of the Merchant Contract.

The court further observed that "[t]he relationship between the tort claim and the contract is not satisfied simply because the dispute would not have arisen absent the existence of the contract between the parties." *Id.* The court concluded the suit was not related to the contract because it was not based upon an alleged breach of the contract, and because it did not and did not need to invoke the contract. *Id.* at 175.

■■■ Applying the *Greenwood* holding to the "in connection with" language of the arbitration agreement in this case, requires an examination of the connection between the negligence claims and the Operating Agreement to determine if the claims raise some issue that requires a reference to or construction of some portion of the Agreement.

Plaintiff's Petition avers that the collision was caused by Defendant's negligence in failing to properly line the switch for the siding, and failing to properly "blue flag" its equipment on the siding. Defendant alleges as its affirmative defenses that Plaintiff's damages were the result of its agents' failure to avoid the collision and failure to exercise ordinary care. Defendant's counterclaim alleges Plaintiff was negligent in improperly causing the switch to be in line for the siding track rather than the main line track. The reply to the counterclaim alleges affirmative defenses of comparative fault, sole cause, and last clear chance.

None of the pleadings makes any reference to the Operating Agreement. We find no reference in the portions of the Operating Agreement in the record here, regarding the responsibilities of lining the switches, nor any reference to a "blue flag" procedure. Whether Plaintiff's agents' failed to avoid the collision or exercise ordinary care is, of course, not to be found in the Operating Agreement. Thus, the negligence claims raise no issue involving

the Operating Agreement. Liability as between the parties for their respective damages sustained in the collision should be determined under common law principles of duty, breach, causation, and damages. Accordingly, the negligence claims at issue are not "in connection with" the Operating Agreement.

■ Defendant asserts that language regarding indemnification in Section XI of the Operating Agreement, should control the outcome of the negligence claims and therefore the suit is "in connection with" the Agreement. This assertion does not appear in Defendant's Point Relied On in its brief filed with this court. This court is obliged to determine only those questions stated in the Point Relied On. *Mashburn v. Tri–State Motor Transit Co.*, 841 S.W.2d 249, 252 (Mo.App.1992). Because we are not compelled to examine this issue, it will suffice to state that an indemnity agreement is an agreement whereby the indemnitor agrees to protect the indemnitee from claims asserted against the indemnitee by third persons. *Ferguson v. Wozniak Industries, Inc.*, 931 S.W.2d 919, 923 (Mo.App.1996). The negligence claims in this appeal do not involve a third party, and therefore any indemnification provisions in the Operating Agreement are irrelevant to the resolution of this suit.

The judgment is affirmed.

MONTGOMERY, P.J., and BARNEY, J., concur.