**VCW, INC., and V. Cheryl Womack, Respondents,**

v.

**MUTUAL RISK MANAGEMENT, LTD., et al., Defendants,**

**Commonwealth Risk Services, Inc., Legion Insurance Company, and Legion Financial Corporation, Appellants.**

**No. WD 58662.**

Missouri Court of Appeals, Western District.

May 22, 2001.

Kelly C. Tobin and Anthony L. Gosserand, Kansas City, for Respondents.

Leonard B. Rose, Jed D. Reeg and Amy N. Loth, Kansas City, for Appellants.

Before ULRICH, P.J., and EDWIN H. SMITH and NEWTON, JJ.

EDWIN H. SMITH, Judge.

Commonwealth Risk Services, Inc., Legion Insurance Company (LIC), and Legion Financial Corporation appeal from the trial court's denial of their motion to stay a lawsuit that was filed against them by the respondents, Cheryl Womack and VCW, Inc. (VCW),[1] pending the outcome of a state arbitration proceeding. In their petition for damages, the respondents alleged fraud and negligence based upon misrepresentations made by the appellants as part of the marketing of their insurance products to the respondents.

In their sole point on appeal, the appellants claim that the trial court erred in denying their motion to stay the underlying litigation, until the pending arbitration proceeding that had been filed had concluded, because 9 U.S.C. § 3 requires both federal and state court actions to be stayed during the pendency of an arbitration proceeding in that the issues raised by the respondents in their underlying lawsuit against the appellants were required to be arbitrated pursuant to the arbitration provision of the management agreement entered into by the parties.

We dismiss for mootness.

### Facts

The respondents market occupational accident, workers' compensation, and auto-physical damage insurance to approximately 8,000 members of the National Association of Independent Truckers (NAIT).

For their services, they receive a commission based on a percentage of the insurance premiums paid by the NAIT members on the insurance policies purchased.

In October of 1993, the respondents were introduced to the appellants, who made a presentation to the respondents concerning a "rent-a-captive" insurance program, which they had developed. The appellants explained to the respondents that this program allowed a company or group of insured participants to establish and operate an insurance subsidiary without capitalization requirements, administrative costs, or the inherent legal problems normally associated with the establishment and operation of an insurance subsidiary. On November 1, 1994, as a result of the appellants' presentation, the respondents agreed to market insurance products of the appellants, and, to consummate the deal, they signed a management agreement, a claims agreement, and a shareholders agreement. The management agreement, signed by LIC and VCW, contained an arbitration provision, as did the claims agreement, signed by LIC and Preferred Administrative Services, Inc. (PAS).[2] The shareholders agreement contained no such provision. The appellants then began marketing the respondents' insurance policies to members of NAIT.

Sometime around November 1, 1995, disputes began to arise between the parties, concerning, *inter alia,* responsibility for purchasing reinsurance and the amount of the letters of credit which the respondents were required to maintain as part of their various agreements with the appellants. As a result of these disputes, Womack, VCW, and PAS filed a demand for

---

1. VCW was founded by Womack, of which she is the president and majority shareholder.

2. PAS is the company that administers claims arising out of the insurance policies sold by VCW. PAS is solely owned and controlled by Womack.

arbitration on November 12, 1996, against LIC, Mutual Holding Bermuda, Ltd. (MHB), Mutual Risk Management, Ltd. (MRM), Mutual Indemnity, Ltd., Mutual Indemnity (Bermuda), Ltd. (MIB), Mutual Finance (Bermuda), Ltd. (MFB), and Mutual Indemnity (US). In their demand they alleged, *inter alia,* that LIC and its affiliates had breached both the management agreement and the claims agreement.

In connection with the arbitration proceeding, the parties conducted extensive discovery. Sometime in early 1999, the arbitration panel docketed the week of October 4, 1999, for a final hearing. Womack, VCW, and PAS presented their case to the arbitration panel first. LIC began its case later that same week, but was not able to conclude by week's end. Accordingly, the hearing was continued to the week of January 17, 2000. On December 8, 1999, Womack and VCW filed their petition for damages against MRM, Commonwealth Risk Services, Inc., LIC, Legion Financial Corp., MHB, MFB, and MIB in the Circuit Court of Platte County, Missouri. On January 17, 2000, the arbitration proceeding was resumed. The hearing concluded without the arbitration panel issuing an award.

On January 31, 2000, the appellants responded to the respondents' petition by filing a "Motion to Dismiss and Stay Proceedings Pending the Outcome of Arbitration." Pursuant to their motion, MRM, MFB, MHB, and MIB asked the court to dismiss them as parties for a lack of personal jurisdiction. In addition, MHB asked the court to dismiss it based on lack of subject matter jurisdiction over any dispute arising between it and VCW. The remaining party defendants asked that the lawsuit be stayed pursuant to 9 U.S.C. § 3 because the outcome of the pending arbitration proceeding would affect the outcome of the lawsuit that had been filed. On April 5, 2000, the respondents filed suggestions in opposition to the appellants' motion, contending that the arbitration proceeding had effectively concluded; that the claims in the case before the trial court were not the same as those raised in arbitration and were not subject to the arbitration, such that there would be no collateral estoppel and *res judicata* implications; and that in any event, the appellants had waived their right to arbitrate the matters raised in the lawsuit by refusing to address them in arbitration.

A hearing was held on the appellants' motion before the Honorable Owens Lee Hull, Jr., on May 5, 2000, during which the appellants advised the court that the arbitration proceeding had been submitted and a ruling was expected within 60 days. On May 17, 2000, before the arbitration panel had issued its final decision, the circuit court issued its order dismissing MRM, MFB, MHB, and MIB for lack of personal jurisdiction and denying the appellants' motion to stay.

This appeal follows.

### Respondents' Motion to Dismiss

Before we address the merits of the appellants' claim of error, we first must address the respondents' motion to dismiss, which was taken with the case and in which they allege that the trial court's order denying their motion to stay is not an appealable order or judgment as provided in § 435.440,[3] governing appeals from proceedings under Missouri's Uniform Arbitration Act (UAA), §§ 435.350–435.470, depriving us of appellate jurisdiction.

---

3. All statutory references are to RSMo 2000, unless otherwise indicated.

■ The appellants contend that we do have jurisdiction to decide this appeal, citing § 435.440 and 9 U.S.C. § 16(a)(1)(A) of the Federal Arbitration Act (FAA). Section 435.440 provides, in pertinent part:

1. An appeal may be taken from:

(1) An order denying an application to compel arbitration made under section 435.355;

(2) An order granting an application to stay arbitration made under subsection 2 of section 435.355[.]

Although conceding that this statute does not expressly provide for an appeal from the denial of a motion to stay the underlying litigation pending the outcome of arbitration, the appellants argue that their motion for a stay is the functional equivalent of an order denying a motion to compel arbitration, which is appealable under § 435.440.1(1). The respondents contend, however, that because § 435.440 does not expressly provide for an appeal from an order *denying* an application to *stay* arbitration, the appellants cannot rely on it as authorizing their appeal. Cases interpreting the statute would agree. It is well settled that "a denial of a motion to stay proceedings pending arbitration [is not] appealable in Missouri" pursuant to § 435.440. *Mr. Mudd, Inc. v. Petra Tech, Inc.,* 892 S.W.2d 389, 392 (Mo.App.1995); *see also Reis v. Peabody Coal Co.,* 935 S.W.2d 625, 629 (Mo.App.1996); *Duggan v. Zip Mail Servs., Inc.,* 920 S.W.2d 200, 202 (Mo.App.1996).

■ Having determined that the appellants' appeal is not authorized by § 435.440, we must still address whether it is nonetheless authorized by 9 U.S.C. § 16. As the appellants contend, this section does provide for an appeal from "an order ... refusing a stay of any action under section 3 of this title[.]" 9 U.S.C. § 16(a)(1)(A). However, the respondents argue that the appellants cannot rely on 9 U.S.C. § 16(a)(1)(A) as authority for their appeal because the right of appeal is purely statutory, and if Missouri statutes do not provide for an appeal, then federal statutes cannot provide otherwise, inasmuch as "federal law cannot dictate the power and procedure for a Missouri state court." In this regard, they argue that the Missouri legislature, by not authorizing an appeal from the denial of a motion to stay a proceeding pending arbitration in § 435.440, expressed an intent not to allow such an appeal, which could not be thwarted by Congress. The appellants disagree, arguing that state courts, as well as federal courts, are bound by the provisions of the FAA in cases involving interstate commerce. We agree.

In *Bunge Corp. v. Perryville Feed & Produce, Inc.,* 685 S.W.2d 837, 838–39 (Mo. banc 1985), the Missouri Supreme Court addressed the issue of whether a requirement of Missouri's UAA could be enforced to effectively deny arbitration where the FAA had no such requirement. In holding that it could not, the court recognized that an action under the FAA, which was enacted by the Congress pursuant to its power to regulate interstate commerce, U.S. CONST. art. I, § 8, cl. 3, could be brought in a state court, and with respect thereto, the state court, pursuant to the Supremacy Clause, U.S. CONST. art. VI, cl. 2, was obliged to apply the FAA in cases involving interstate commerce, and could not apply state law, substantive *or procedural,* which was in derogation thereof. *Id.* at 839.

Here, there is no dispute that the issues presented in the underlying litigation concerned interstate commerce and that the appellants' motion to stay the proceedings thereon was filed pursuant to 9 U.S.C. § 3. Thus, in determining our jurisdiction to hear this appeal, we are obliged to apply 9 U.S.C. § 16(a)(1)(A), *id.,* which allows the

appellants to appeal the denial of their motion for a stay. *See also Mueller v. Hopkins & Howard, P.C.*, 5 S.W.3d 182, 187 (Mo.App.1999) (*citing Duggan*, 920 S.W.2d at 202) (holding that where both the FAA and the UAA provided for the right of appeal, a party could appeal "if either act applies to the circumstances of this case"); *Mo. & N. Ark. R.R. Co. v. Branson Scenic Ry.*, 3 S.W.3d 869, 870 (Mo.App.1999); *Reis*, 935 S.W.2d at 629. Accordingly, the respondents' motion to dismiss is overruled.

## I.

■ In their sole point on appeal, the appellants claim that the trial court erred in denying their motion to stay the underlying litigation, until the pending arbitration proceeding that had been filed had concluded, because 9 U.S.C. § 3 requires both federal and state court proceedings to be stayed during the pendency of an arbitration proceeding in that the issues raised by the respondents in their underlying lawsuit against the appellants were required to be arbitrated pursuant to the arbitration provision of the management agreement entered into by the parties. Specifically, the appellants, in their motion to stay, requested "that the Court stay all proceedings in this action pursuant to the authority granted it by 9 U.S.C. § 3 (Section 3 of the Federal Arbitration Act) until such time as the *arbitration currently pending* between [appellants] and [respondent] LIC can be finally resolved." (Emphasis added.) Thus, the appellants were requesting a stay only until such time as

the then pending arbitration proceeding was concluded. In this regard, they did not file a motion to *compel* further arbitration, on which a further stay could be requested at a later time.[4]

As to the arbitration proceeding on which the appellants were seeking a stay, there is no dispute that it was completed and an award was entered on June 3, 2000, which was amended on June 20, 2000.[5] Thus, the propriety of the court's denial of the appellants' request for a stay pending the outcome of that arbitration proceeding would be moot, inasmuch as the appellants specified in their motion that they were seeking a stay only until the arbitration proceeding then pending was concluded, which event has already occurred. *See Hall v. Mo. Bd. of Prob. & Parole*, 10 S.W.3d 540, 545 n. 3 (Mo.App.1999) (*citing Armstrong v. Elmore*, 990 S.W.2d 62, 64 (Mo.App.1999)) (holding that "a case is moot if a judgment rendered has no practical effect upon an existent controversy," and that "[w]hen an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed"). Hence, without a showing that the trial court took some action during the period of time from its denial of the appellants' motion to the present, which prejudiced them in the underlying lawsuit and necessitated a ruling by us on the court's denial of the motion, the controversy between the parties as to the denial of the stay requested is now moot. Accordingly, because there is nothing in the record to indicate that any such

4. Of course, any request for further arbitration could be subject to a waiver challenge. *See Mueller*, 5 S.W.3d at 187 (holding that a party waives its right to arbitrate if it: (1) had knowledge of an existing right to arbitrate; (2) acted inconsistently with that right; and (3) by so acting, prejudiced the party opposing the arbitration).

5. While the outcome of the arbitration panel's award is not part of the legal file before this court, we note that both parties, in their oral arguments before this court, acknowledged that the arbitration panel had reached a decision and had entered its order and award, and subsequent amendment, on the issues before it.

action was taken, we dismiss for mootness. *Id.*

### Conclusion

For the reasons stated, the appeal is dismissed for mootness.

ULRICH, P.J., and NEWTON, J., concur.