IN THE MISSOURI COURT OF APPEALS
 WESTERN DISTRICT
JOSEPH ELYACHAR AND )
MICHAEL ELYACHAR, )
 )
 Respondents, )
 )
v. ) WD84118
 )
BIG BOB’S FLOORING OUTLET OF ) Opinion filed: September 21, 2021
AMERICA, INC., AND FLOORS & )
MORE, LLC AND VINCENT VIRGA, )
 )
 Appellants. )

 APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
 THE HONORABLE JACK R. GRATE, JUDGE

 Division Three: Edward R. Ardini, Jr., Presiding Judge,
 Mark D. Pfeiffer, Judge and W. Douglas Thomson, Judge

 Joseph Elyachar and Michael Elyachar (“the Elyachars”) filed suit in the Circuit Court of

Jackson County, Missouri, (“trial court”) against Big Bob’s Flooring Outlet of America, Inc.,

Floors & More, LLC, and Vincent Virga (collectively, “Defendants”), alleging breach of a

stockholders’ agreement, breach of the covenant of good faith and fair dealing, fraudulent

misrepresentation, breach of fiduciary duty, and seeking an accounting, judicial dissolution of Big

Bob’s Flooring Outlet of America, Inc. (“BBOA”), and the inspection of BBOA’s corporate books

(“Elyachars’ Claims”). Defendants responded by filing a Petition to Compel Arbitration of the

Elyachars’ Claims in the United States District Court for the District of Massachusetts. Four days
later, Defendants filed with the trial court a motion to stay the Jackson County, Missouri,

proceedings “pending the outcome of [the] Petition to [C]ompel [A]rbitration pending in

[Massachusetts] [and] (any ensuing arbitration).”1 Defendants appeal from the trial court’s order

denying its motion to stay. We dismiss for lack of appellate jurisdiction.

 Factual and Procedural Background

 David Elyachar owned BBOA, a Missouri corporation. In 2015, he sold seventy percent of

his interest in the company to Floors & More, LLC, a Massachusetts limited liability company

owned by Vincent Virga. The Elyachars, sons of David Elyachar, purchased the remaining thirty-

percent interest in BBOA. As part of the purchase agreement with the Elyachars, they and the

stockholders of BBOA entered into a stockholder’s agreement (“Stockholder’s Agreement”).

 The Stockholder’s Agreement sets forth the relationship between the parties, including

shareholder rights and responsibilities, when capital contributions and distributions of corporate

profits would be made, management structure, and franchise purchase rules. The Agreement also

contains dispute resolution provisions, including an arbitration clause. The arbitration clause

states, in relevant part, “[t]he parties agree that any dispute arising under or related to this

agreement shall be resolved by arbitration by the American Arbitration Association (“AAA”) at

its offices in Boston, Massachusetts under its commercial arbitration rules.”

 In May 2020, the Elyachars filed a petition in the trial court alleging that Defendants

breached the Stockholder’s Agreement by failing to make distributions to the Elyachars and not

properly franchising BBOA, violated the covenant of good faith and fair dealing by not abiding by

the Stockholder’s Agreement, made fraudulent misrepresentations in negotiating the Agreement,

and breached their fiduciary duty to the Elyachars. The petition also sought an accounting to

1
 In the same motion, defendants Floors & More, LLC and Vincent Virga also sought dismissal of the Elyachars’
Claims arguing a lack of personal jurisdiction. The motion to dismiss was denied and is not part of this appeal.

 2
determine whether the Elyachars were entitled to distributions under the Stockholder’s Agreement,

judicial dissolution of BBOA based on alleged acts and omissions that have “oppressed fiduciary

duties” owed to the Elyachars, and a writ of mandamus to allow the Elyachars to inspect BBOA’s

corporate records.

 Following the initiation of the Jackson County, Missouri, suit, Defendants filed a separate

action in the United States District Court for the District of Massachusetts seeking to compel

arbitration of the Elyachars’ Claims pending in the trial court. Defendants thereafter requested the

trial court stay the Jackson County proceedings pending the outcome of the Massachusetts

litigation. The trial court denied Defendants’ motion to stay. Defendants appeal from that denial.

 Discussion

 Defendants raise three points on appeal, all alleging that the trial court erred in denying its

motion to stay. In Point I, Defendants claim that “the trial court was obligated to stay the

proceedings and delegate issues of arbitrability to the arbitrator, in that the parties’ arbitration

provision incorporated the AAA’s rules, which provide that issues of arbitrability are within the

jurisdiction of the arbitrator, requiring the action to be stayed and issues of arbitrability referred to

the arbitrator.” In Point II, Defendants assert that all of the claims raised by the Elyachars must be

resolved by arbitration. In Point III, Defendants allege that, “even if a dissolution claim were not

subject to arbitration, the remaining claims were and should have been stayed pending arbitration.”

 We note that all three of Defendants’ points on appeal request that this Court address issues

concerning the arbitrability of the Elyachars’ Claims under the arbitration clause in the

Stockholder’s Agreement. In embarking on this approach, Defendants ignore that they did not ask

the trial court to compel arbitration or otherwise determine the arbitrability of the claims asserted

 3
by the Elyachars in the Jackson County case. Instead, Defendants narrowly requested the trial court

stay the Jackson County proceedings while the arbitrability issue was litigated elsewhere.

 Appellate Jurisdiction

 Although not raised by the parties, “we are required to determine sua sponte whether we

have jurisdiction to hear this appeal.”2 Howe v. Heartland Midwest, LLC, 604 S.W.3d 774, 778

(Mo. App. W.D. 2020) (citing Maly Commercial Realty, Inc. v. Maher, 582 S.W.3d 905, 910 (Mo.

App. W.D. 2019)). “If we lack jurisdiction to entertain an appeal, we must dismiss it.” Reynolds

v. Robben, 589 S.W.3d 676, 678 (Mo. App. E.D. 2019) (citing Walker v. Brownel, 375 S.W.3d

259, 260-61 (Mo. App. E.D. 2012)) (additional citation omitted). “‘The right to appeal is purely

statutory, and where a statute does not give a right to appeal, no right exists.’” PerfectStop

Partners, L.P. v. U.S. Bank, 231 S.W.3d 260, 263 (Mo. App. W.D. 2007) (quoting Jackson Cnty.

v. McClain Enters., Inc., 190 S.W.3d 633, 637 (Mo. App. W.D. 2006); Dunn Indus. Grp., Inc. v.

City of Sugar Creek, 112 S.W.3d 421, 427 (Mo. banc 2003)).

 Defendants assert in their jurisdictional statement that section 435.440, RSMo,3 and the

Federal Arbitration Act4 (“FAA”) vest this Court with jurisdiction to hear the present appeal. We

first address our state statute.

 Missouri has adopted the Uniform Arbitration Act (“UAA”), which is found in sections

435.350 through 435.470, RSMo. Under the UAA, an appeal may be taken from the following

orders:

 (1) An order denying an application to compel arbitration made under section
 435.355;

2
 The parties were advised by the Court to be prepared to address at oral argument our jurisdiction to hear this appeal
and were invited to file letter briefs on the subject.
3
 Unless otherwise noted, statutory references are to the Revised Statutes of Missouri (2016).
4
 The parties do not dispute that the underlying claims concern interstate commerce thereby implicating the FAA.
Shelter Prod., Inc. v. OMNI Constr. Co., Inc., 479 S.W.3d 189, 193-94 (Mo. App. W.D. 2016).

 4
 (2) An order granting an application to stay arbitration made under subsection 2 of
 section 435.355;

 (3) An order confirming or denying confirmation of an award;

 (4) An order modifying or correcting an award;

 (5) An order vacating an award without directing a rehearing; or

 (6) A judgment or decree entered pursuant to the provisions of sections 435.350 to
 435.470.

§ 435.440.1(1)-(6), RSMo. Defendants specifically reference section 435.440.1(1), RSMo, which

permits an appeal from the denial of a motion to compel arbitration. This reliance is fraught with

problems because, as previously noted, Defendants did not file a motion to compel arbitration with

the trial court. Instead, Defendants requested the trial court stay the underlying proceedings “in

favor of the petition to compel arbitration currently pending in the United States District Court for

the District of Massachusetts.” As this is plainly not an appeal from the denial of a motion to

compel arbitration, section 435.440.1(1), RSMo, is inapplicable and provides Defendants no right

of appeal. See VCW, Inc. v. Mut. Risk Mgmt., Ltd., 46 S.W.3d 118, 121 (Mo. App. W.D. 2001)

(quoting Mr. Mudd, Inc. v. Petra Tech, Inc., 892 S.W.2d 389, 392 (Mo. App. E.D. 1995)) (“It is

well settled that ‘a denial of a motion to stay proceedings pending arbitration [is not] appealable

in Missouri’ pursuant to § 435.440.”).

 We next address whether the FAA provides a right to appeal the denial of Defendants’

motion to stay. Under 9 U.S.C. § 16(a)(1)(A) (1990), “[a]n appeal may be taken from . . . an order

. . . refusing a stay of any action under section 3” of the FAA. Section 3 of the FAA states:

 If any suit or proceeding be brought in any of the courts of the United States upon
 any issue referable to arbitration under an agreement in writing for such arbitration,
 the court in which such suit is pending, upon being satisfied that the issue involved
 in such suit or proceeding is referable to arbitration under such an agreement, shall
 on application of one of the parties stay the trial of the action until such arbitration

 5
 has been had in accordance with the terms of the agreement, providing the applicant
 for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (1947).

 Under Section 3 of the FAA, a party is entitled to a stay from a trial court in which a suit

is pending “upon [the trial court] being satisfied that the issue involved in such suit or proceeding

is referable to arbitration….” Thus, while a right to appeal is authorized from an order denying a

stay sought under Section 3 of the FAA, this again provides Defendants no aid for a simple

reason—Defendants did not seek a stay from the trial court under Section 3 of the FAA.5 Indeed,

even the most generous reading of the motion to stay reveals that Defendants simply requested

that the trial court hold the Jackson County proceedings in abeyance while the federal court in

Massachusetts determined which, if any, of the Elyachars’ Claims were—in the parlance of

Section 3—“referable to arbitration.”6 As previously noted, this is irrefutably established in the

motion’s opening paragraph, which requested the trial court “to stay [the Jackson County] case

pending the outcome of a Petition to compel arbitration pending in the United States District Court

for the District of Massachusetts.”7

5
 In asserting that this appeal is permitted under Section 3 of the FAA, Defendants’ jurisdictional statement directs us
to VCW, Inc. v. Mut. Risk Mgmt, Ltd., 46 S.W.3d 118 (Mo. App. W.D. 2001). VCW does not assist Defendants’
position as it involved claims that were already pending in arbitration and the motion to stay was brought pursuant to
Section 3 of the FAA. See, generally VCW, 46 S.W.3d at 119-22. See also Shelter Prod., Inc., 479 S.W.3d at 193. By
contrast, in the present appeal, there are no claims in or that have been judicially referred to arbitration, the trial court
was only asked to stay its proceedings pending a determination on the arbitrability of the Elyachars’ Claims by a
different court, and the motion to stay was not filed pursuant to Section 3 of the FAA. Defendants additional reliance
on Bunge Corp. v. Perryville Feed & Produce, Inc., 685 S.W.2d 837 (Mo. banc 1985), is similarly misplaced as it was
appeal from the dismissal of an application to confirm an arbitration award and in no manner involved the applicability
of Section 3 of the FAA or the appealability of the denial of a motion to stay.
6
 A Texas case, Batton v. Green, 801 S.W.2d 923 (Tex. App. 1990), similarly refused to permit an appeal in a case
with the same procedural posture as the instant case. In Batton, the Texas court found that the appellants were not
entitled to appeal from a motion to stay where they did not ask the Texas trial court to determine the arbitrability of
the claims brought against it and instead had sought to compel arbitration through a suit filed in an Ohio federal district
court. Id. at 930.
7
 The Defendants’ motion ended as it began—“Accordingly, this action should be stayed in favor of the petition to
compel arbitration currently pending in the United States District Court for the District of Massachusetts.”

 6
 Defendants, dissatisfied with the trial court’s refusal to stay the Jackson County

proceedings pending a determination of the arbitrability of the Elyachars’ Claims by the federal

court in Massachusetts, cannot recast on appeal the request they made to the trial court in an effort

to vest this Court with appellate jurisdiction. The motion to stay denied by the trial court implicated

neither section 435.400.1(1) nor Section 3 of the FAA, and, as a result, we must dismiss this

appeal.8

 Conclusion

 The appeal is dismissed.

 _________________________________________
 EDWARD R. ARDINI, JR., JUDGE

All concur.

8
 Nothing in this opinion should be construed as prohibiting the Defendants from filing with the trial court a motion
to stay pursuant to Section 3 of the FAA. We emphasize this following the concession made at oral argument by
Counsel for the Elyachars that each of their claims pending in the trial court, with the sole exception of the judicial
dissolution count, are subject to the arbitration clause of the Stockholder’s Agreement.

 7